UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kelly Services, Inc., <br><br> Plaintiff <br><br> vs. <br><br> A2Z Global Staffing, Inc., et al., <br><br> Defendants | Case No.: 2:15-cv-1443-JAD-PAL <br><br> **Order Directing Clerk to Enter Default Against Alexis O'Keefe and Susan O'Keefe** <br><br> [ECF 12, 13] |

Kelly Services, Inc. sues A2Z Global Staffing, Inc. and its agents Daven Rickets and Alexis, Allan, and Susan O'Keefe under contract and tort theories after A2Z allegedly refused to perform its contractual obligations under a Secondary Supplier Agreement with Kelly.[1]  Although it appears that all defendants have been served with the summons and complaint,[2] only Allan J. O'Keefe has answered.[3]  But he did so on his own behalf and purportedly "on behalf of all defendants."[4]  Kelly has moved for, and the Clerk of Court has entered defaults against Rickets and A2Z.[5]  Kelly now moves for the Clerk to enter defaults against Alexis O'Keefe and Susan O'Keefe, too.[6]

Complicating the Clerk's entry of a default is the fact that Allan O'Keefe has purported to answer on behalf of these defendants.[7]  But Allan O'Keefe cannot act on behalf of other defendants. There is no indication that he is an attorney licensed to practice law in this court.  "Although a

---

[1] ECF 1.

[2] ECF 5.

[3] ECF 8.

[4] *Id.* at 3.

[5] ECF 6, 7, 10, 11.

[6] ECF 12, 13.

[7] ECF 8.

non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."[8]  Thus, to the extent that Mr. O'Keefe purports to answer on behalf of anyone other than himself, that answer is legally ineffective. The net result is that Allan O'Keefe is the only defendant who has answered or otherwise appeared in this case.  Because it appears that Alexis O'Keefe and Susan O'Keefe have been served but not pled or otherwise defended against this suit—as Kelly has demonstrated by affidavit[9]—Rule 55 of the Federal Rules of Civil Procedure requires the Clerk of Court to default them.[10]

### Conclusion

Accordingly, with good cause appearing and no reason for delay,

It is HEREBY ORDERED that Kelly's request for the Clerk of Court to enter default against Alexis O'Keefe and Susan O'Keefe is GRANTED;  **the Clerk of Court is instructed to enter defaults [ECF 12, 13]** against these defendants.

DATED: January 26, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

[9] ECF 12, 13.

[10] Fed. R. Civ. P. 55(a).