**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kelly Services, Inc., | 2:15-cv-01443-JAD-PAL |
| Plaintiff | |
| | **Order Denying Motion for Default Judgment** |
| v. | |
| A2Z Global Staffing, Inc. et al., | [ECF 30] |
| Defendants | |

Kelly Services, Inc. sues A2Z Global Staffing, Inc., and four of its employees and agents Daven Ricketts and Allan, Alexis, and Susan OKeefe, claiming that A2Z's failure to perform under a staffing agreement—and the individual defendants' intentional misrepresentations about that performance—cost Kelly nearly $600,000.[1]  Defaults have been entered against all defendants except Allan OKeefe.  Kelly moves for a $648,254.20 default judgment against these defaulted defendants.[2] Because Kelly's theories against the defaulted defendants overlap with the claims and legal theories against Allan OKeefe, Kelly's motion is premature under the *Frow* doctrine, and I deny it without prejudice.

**Discussion**

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[3]  However, the Ninth Circuit follows the time-honored *Frow* doctrine for considering default judgments in multi-defendant cases: "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all

---

[1] ECF 1, 31.

[2] ECF 30.

[3] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

defendants."[4]  The Ninth Circuit extends this doctrine to cases where the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[5]

The essence of all claims in this case is A2Z's failure to procure workers' compensation coverage and the individual defendants' false representations that they had procured that coverage.[6] The *Frow* doctrine cautions against entering a default judgment against the defaulted defendants while Allan OKeefe continues to defend against this legal theory.  For this reason, I deny plaintiff's motion for a default judgment against the defaulted defendants without prejudice to its ability to reurge this request after the claims against Allan OKeefe have been resolved.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Judgment Against Defendants A2Z Global Staffing, Inc., Alexis J. Okeefe, Susan M. Okeefe, and Daven Ricketts **[ECF 30] is DENIED** without prejudice.

Dated this 26th day of February, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[5] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

[6] ECF 1.