UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kelly Services, Inc.,<br><br>  Plaintiff<br><br>v.<br><br>A2Z Global Staffing, Inc., et al.,<br><br>  Defendants | 2:15-cv-001443-JAD-PAL<br><br>**Order Rejecting Stipulation to Vacate Order Dismissing Claims against Allan Okeefe and Denying Motion to Dismiss as Moot**<br><br>[ECF 39, 40] |

The docket in this case is a mess. Plaintiff Kelly Services, Inc., sues A2Z Global Staffing and four of its individual representatives. One of those individuals—Allan Okeefe—filed a pro se answer, attempting to respond on his behalf and that of the other defendants.[1] Because Mr. Okeefe lacks the capacity to represent the other defendants and because none of these defendants answered or otherwise responded on their own behalf, the Clerk of Court entered defaults against all of the other defendants, leaving Allan Okeefe as the only active defendant.[2]

When Allan Okeefe and the plaintiff filed a stipulation stating "IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys, that Plaintiff's cause of action be dismissed without prejudice and without costs to any party,"[3] I interpreted this very broad language as the termination of all claims, signed it, and closed the case.[4] Kelly successfully moved to set aside the order, explaining that the intention was to dismiss only the claims against Allan Okeefe, and I granted that motion.[5] The parties then submitted a new stipulation to dismiss only the claims against Allan Okeefe, which I granted.[6]

---

[1] ECF 8.

[2] *See* ECF 26 (recounting this history); ECF 7, 11, 27 (Clerk's entries of default).

[3] ECF 33.

[4] ECF 34.

[5] ECF 35 (motion); ECF 36 (order).

[6] ECF 37 (stipulation); ECF 38 (order).

But Allan Okeefe now denies that he consented to this most recent successful stipulation—to which Kelly's counsel affixed his electronic signature—because he wanted all claims dismissed, not just the ones against him.  So the parties submitted yet another stipulation to set aside the order dismissing the claims against Allan.[7]  But at a hearing before me on April 13, 2016, to discuss the state of this record, Allan represented to this court that he did not consent to this recent stipulation.

Based on that representation, I now DENY the stipulation to vacate my last order (ECF 39).  Without the relief requested by that stipulation, the state of the record is this: the claims against Allan Okeefe have been dismissed without prejudice, and defaults have been entered against all other defendants; Kelly has a pending motion for default judgment against those defaulted defendants.[8]  I thus deny as moot Kelly's motion to dismiss its claims against Allan Okeefe (ECF 40), because those claims stand dismissed at this time.  If Allan wishes to challenge the dismissal of the claims against him via the stipulation and order entered on the docket as documents #37 and #38, he must file a proper motion that complies with the local rules of this court (specifically including but not limited to LR 7-2, 10-1, 10-2, and 10-3).[9]  The court does not consider requests for relief styled as a letter.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Stipulation for Order Vacating Order of Dismissal Without Prejudice **[ECF 39] is DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Dismissal of Claims Against Allan J. Okeefe Without Prejudice **[ECF 40] is DENIED** as moot.

Dated this 15th day of April, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[7] ECF 39.

[8] This motion will be addressed in due course.

[9] The court's local rules are posted on its website: http://www.nvd.uscourts.gov.