UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kelly Services Inc.<br><br>    Plaintiff<br><br>v.<br><br>A2Z Global Staffing Inc., Alexis J. O'Keefe, Allan J. O'Keefe, Susan M. O'Keefe, and Daven Ricketts,,<br><br>    Defendants | 2:15-cv-01443-JAD-PAL<br><br>**Order Denying Motion for Default Judgment Without Prejudice**<br><br>[ECF No. 24] |

Kelly Services Inc. sued AZ Global Staffing Inc. and four of its employees and agents, Daven Ricketts and Allan, Alexis, and Susan O'Keefe, claiming that A2Z's failure to perform under a secondary-staffing agreement—and the individual defendants' intentional misrepresentations about that performance—cost Kelly nearly $600,000.[1] Defaults have been entered against all defendants[2] except Allan O'Keefe, who has been dismissed from this action without prejudice.[3] Kelly now moves for a default judgment against the defaulted defendants.[4] Because Kelly failed to address the *Eitel* factors in its motion, I deny the motion without prejudice.[5]

**Background**

On November 9, 2012, Kelly entered into a secondary-supplier agreement with A2Z under which Kelly agreed to pay A2Z to supply employees to Kelly's client, Gray Bar Electric.[6] A2Z

---

[1] ECF Nos. 1, 31.

[2] ECF No. 27.

[3] ECF Nos. 34, 48.

[4] ECF No. 41.

[5] I find this motion suitable for disposition without oral argument. L.R. 78-1.

[6] ECF No. 1 at 2.

agreed to provide wages, benefits, and worker's-compensation benefits to these employees,[7] maintain appropriate worker's-compensation insurance coverage for these employees, and to defend Kelly and Gray Bar against any claims brought by these employees.[8]

In August 2014, an employee who was employed at Gray Bar under the A2Z-Kelly staffing agreement was allegedly injured on the job and then filed a worker's-compensation claim against Kelly in South Carolina.[9] Kelly requested that A2Z defend it per the terms of their agreement.[10] A2Z's failure to respond to Kelly's requests prompted Kelly to investigate A2Z's insurance coverage.[11] Kelly discovered that A2Z failed to procure the required worker's-compensation coverage and that A2Z employees had falsified proof of that coverage.[12] Kelly requests $648,254.20 in damages, which is the amount of money it claims to have spent to defend the worker's-compensation lawsuit in South Carolina and the money it paid to A2Z under the staffing agreement.[13]

**Discussion**

**A.    Default judgment under FRCP 55**

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[14] The Ninth Circuit in *Eitel v. McCool* set forth seven factors that govern the district court's decision whether to enter a default judgment: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim;

---

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] ECF No. 41 at 3.

[14] *Eitel v. McCool,* 782 F.2d at 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tumbleweed Dev., Inc.,* 2013 WL 143378*,* at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

(3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong federal policy favoring adjudications on the merits.[15]

Except for the amount of money at stake, Kelly's motion does not address the *Eitel* factors. Kelly has thus left me without the guidance and information I need to determine whether a default judgment is warranted. I therefore deny Kelly's motion without prejudice to its ability to file a new motion that addresses the *Eitel* factors and explains why these factors warrant the judgment that Kelly requests.[16]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Kelly's motion for entry of default judgment [ECF No. 41] is DENIED without prejudice.**

Dated this 21st day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[15] *See Eitel,* 782 F.2d at 1471–72.

[16] *See, e.g., Rimlinger v. Shenyang 245 Factory,* 2014 WL 2527147 (D. Nev. June 4, 2014); *Neumont University, LLC v. Little Bizzy, LLC,* 2014 WL 2112938 (D. Nev. May 20, 2014); *U.S. S.E.C. v. Brandonisio,* 2013 WL 5371626 (D. Nev. Sept. 24, 2013); *Trustees of Teamsters Local 631 Sec. Fund for Southern Nevada v. Knox Installation-Dismantling and Services, Inc.,* 2013 WL 4857897 (D. Nev. Sept. 9, 2013).